UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RICHARD BOSSUK,

        Plaintiff,

v.

AUGUSTA SPORTSWEAR, INC. and
JASON LIVERMORE,

        Defendants.

No. 1:21 cv 8273

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED BY AND BETWEEN the above-captioned parties to this litigation as follows:

WHEREAS information has been and may be sought, produced, or exhibited by and among the parties to the above-referenced action. This information may be of any nature, personal or non-personal, public or non-public, sensitive or non-sensitive. This information may be a trade secret including but not limited to financial information, personnel information and employee files, customer information, pricing information, business plans, business information, research and development information, business arrangements, prospective and former business arrangements, bidding files, current and former supplier information, shareholder information of any kind, shareholder communications of any kind, financing information of any kind, current and former advisors and consultants information, current and former employee information, current and former banking relationships, or other proprietary or confidential information belonging to any of the parties (the "Confidential Information").

WHEREAS, "Confidential Attorney Eyes Only Information" is defined as Confidential Information that contains (i) highly sensitive Confidential Information or documents subject to confidentiality or non-disclosure agreements with third parties; or (ii) highly sensitive Confidential

- 2 -

Information or proprietary business information, a trade secret or other commercial or financial information that the producing party, in good faith, believes would result in competitive or commercial harm in the marketplace if the information were disseminated to persons other than those specifically identified in paragraph 3 below, and may include (without limitation) confidential or proprietary company pricing guidelines or formulas, customer information, internal renewal policies, philosophies, or pricing material, or other similarly sensitive trade secrets or proprietary information.

NOW, THEREFORE, this Stipulated Protective Order is necessary to protect such Confidential Information and Confidential Attorneys Eyes Only Information and such protection shall be had according to the following terms:

1. Any information or document submitted or produced, either voluntarily or pursuant to any subsequent order in this action, which is asserted by any of the parties to contain or constitute trade secret or other Confidential Information, shall be designated as either Confidential Information or Confidential Attorneys Eyes Only Information by said party in writing, and shall be segregated from other information or documents being submitted or produced. All transcripts of oral testimony, and any exhibits referenced during such testimony, as well as the oral testimony itself, may be designated as Confidential Information or Confidential Attorneys Eyes Only Information. Any person or entity may, within ten (10) days of the receipt of a transcript of oral testimony designate the testimony or any exhibits referenced therein as "Confidential" or "Confidential Attorneys Eyes Only Information" by so notifying the other parties of such designation in writing. Any document or information designated as "Confidential" or "Confidential Attorneys Eyes Only Information" shall be used in accordance with paragraphs 2,

3, and 4 below and exclusively and solely for purposes of this litigation and for no other purpose whatsoever.

2. In the absence of prior written permission from the individual or entity asserting confidential treatment, or an order by the Court, any Confidential Information submitted or produced in accordance with the provision of paragraph 1, above, shall not be disclosed to any person other than: (i) the parties and their attorneys in this action, including any necessary support personnel assisting such attorneys, (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel; (iii) technical experts or other expert witnesses and their staff who are employed for purposes of this litigation, (iv) the Court and any personnel of the Court, and (v) the producing or submitting party during its or his or her deposition or testimony.

3. In the absence of prior written permission from the individual or entity asserting confidential treatment, or an order by the Court, any Confidential Attorneys Eyes Only Information submitted or produced in accordance with the provision of paragraph 1, above, shall not be disclosed to any person other than: (i) the parties' attorneys in this action, including any necessary support personnel assisting such attorneys, (ii) technical experts or other expert witnesses and their staff who are employed for purposes of this litigation, (iii) the Court and any personnel of the Court, and (v) the producing party during its or his deposition or testimony

4. Confidential Information and Confidential Attorneys Eyes Only Information submitted in accordance with the provisions of paragraph 1, above, shall not be made available to any person designated in paragraphs 2(ii) or (iii) and 3(ii) unless such person shall have first read this order, agreed to be bound by the terms thereof as set forth in the attached Exhibit A, agreed not to reveal such Confidential Information or Confidential Attorneys Eyes Only Information to

anyone other than persons designated in paragraphs 2 or 3, above, and agreed to utilize such Confidential Information or Confidential Attorneys Eyes Only Information solely for the purpose of this litigation.

5. If the Court orders, or if all parties agree, that access to, or the dissemination of, information submitted or marked as "Confidential" or "Confidential Attorneys Eyes Only Information" shall be made to persons not included in paragraph 2, above, all such persons shall be subject to the terms and conditions of this protective order with respect to any such Confidential Information or Confidential Attorneys Eyes Only Information.

6. Any Confidential Information or Confidential Attorneys Eyes Only Information submitted to the Court in connection with a motion, pretrial or other proceeding within the purview of this lawsuit shall be submitted as set forth in paragraph 1, above, under seal and shall be maintained by the Clerk of Courts under seal until otherwise ordered by the Court or agreed upon by the parties in writing. Only the Court and counsel of record for the respective parties, as well as the parties, shall have access to such Confidential Information.

7. The parties and their attorneys agree that any Confidential Information submitted as "Confidential" or "Confidential Attorneys Eyes Only Information" pursuant to paragraph 1, above, is to be treated as such until all parties agree otherwise in writing or until the Court otherwise orders.

8. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to, any Confidential Information or Confidential Attorneys Eyes Only Information designated by said individual or entity in accordance with paragraph 1, above.

9. All persons having knowledge of, access to, or possession of any Confidential Information or Confidential Attorneys Eyes Only Information as a result of this litigation shall refrain from disclosing any portion of such information to any other person or entity except as otherwise permitted by this protective order, by this Court, or by the parties in writing.

10. If Confidential Information or Confidential Attorneys Eyes Only Information submitted or produced in accordance with paragraph 1, above, is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

11. *Inadvertent disclosure*. The parties agree that any inadvertent disclosure of any privileged material shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. The parties agree, however, that the disclosure of any particular material shall cease to be "inadvertent" if, three (3) days after the receiving party notifies the producing party that it has received the material, the producing party does not request that the material be returned. If, within three (3) days after the receiving party notifies the producing party that it has received the material, the producing party does request that the material be returned or destroyed, then the receiving party shall (a) immediately return or destroy the material, or (b) within three (3) days after notification from the producing party, the producing party shall file an appropriate motion with the court under seal for determination of whether the material is privileged. If there is a dispute as to the confidential nature of a document, the burden of proving that material is confidential is on the party claiming confidentiality. While such motion is pending, that material

shall be deemed "Confidential" or "Confidential Attorneys Eyes Only Information", as the case may be, and shall be treated by the parties in a manner consistent with paragraphs 1 through 10 above. In either situation, the receiving party shall make no copies of the material.

12. The Court shall have power to modify this Order at the request of any party and upon a showing of good cause. The Court shall also have the power to enforce this Order in conformity with all applicable law.

13. Within sixty (60) days after termination of this lawsuit, the parties shall assemble and return to the party asserting confidential treatment or destroy all items containing confidential information submitted or produced in accordance with paragraph 1, above. The party designating information to be confidential may request in writing verification that the documents have in fact been destroyed. All copies containing notes or other attorneys' work product shall be destroyed. In addition, all summaries, extracts or compilations taken from such shall be destroyed if they contain Confidential Information.

14. This protective order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this protective order.

15. Neither this protective order nor the designation of any item as Confidential Information or Confidential Attorneys Eyes Only Information shall be deemed to preclude any party from seeking on an appropriate showing lesser or greater protection with respect to the confidentiality of any document, written discovery response, or testimony.

16. Neither this protective order nor the designation of any item as "Confidential" or "Confidential Attorneys Eyes Only Information" shall be construed as an admission that such material, or any testimony, would be admissible in evidence in this litigation.

- 7 -

17. Nothing in this protective order shall preclude any party from using its own Confidential Information in any manner it chooses.

18. It is the spirit and intent of this document to maintain confidentiality of Confidential Information. Its intent is not to inhibit the parties from pursuing and presenting their case on the merits in this litigation and in the event of a dispute about its interpretation, the interpretation shall be made with this spirit and intent considered. The Court shall have jurisdiction to adjudicate any disputes regarding interpretation of this Order.

**ENTERED**: _____
Magistrate Judge Gabriel W. Gorenstein
May 31, 2022

*We stipulate and agree to abide by the terms of this Order:*


/s/ Cameron C. Downer
Bryan A. Niemeyer (OH #0068255)
Cameron C. Downer (OH #0093684)
FAULKNER, GARMHAUSEN, KEISTER & SHENK
A Legal Professional Association
Courtview Center - Suite 300
100 S. Main Avenue
Sidney, Ohio  45365
Telephone:  (937) 492-1271
Facsimile:  (937) 498-1306
bniemeyer@fgks-law.com
cdowner@fgks-law.com
*Attorneys for Defendants*

- 8 -

*/s/ Leah Seliger (w/ email permission 5-25-22)*
D. Maimon Kirschenbaum
Leah Seliger
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548
maimon@jk-llp.com
leah@jk-llp.com
*Attorneys for Plaintiff*

Case 1:23-cv-00736-VSB-GWG   Document 34   Filed 05/26/22   Page 8 of 9

EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RICHARD BOSSUK,

        Plaintiff,

v.

AUGUSTA SPORTSWEAR, INC. and
JASON LIVERMORE,

        Defendants.

No. 1:21 cv 8273

_____ agrees to join in and be bound by the Stipulated Protective Order issued by the Court as Doc #\_\_\_ in the above-captioned case.

Date: _____

_____
[NAME OF PARTY]

_____
[SIGNATURE]

_____
[TITLE]

x:\files\augusta sportswear brands\bossuk, richard\pleadings\stipulated protective order - exhibit a.docx